**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES L. SMITH, II,** | : | **CIVIL ACTION NO. 1:25-CV-1525** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Neary)** |
| **v.** | : | |
| | : | |
| **YORK COUNTY ADULT PROBATION DEPARTMENT, et al.,** | : | |
| | : | |
| **Defendants,** | : | |

**MEMORANDUM**

This matter comes before the court upon the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 25), wherein Judge Carlson recommends the court dismiss Plaintiff James L. Smith, II's Amended Complaint. For the reasons that follow, the court will adopt the R&R.

In Smith's Amended Complaint (Doc. 12), he levies claims against the various Defendants pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132 (the "ADA"), the Rehabilitation Act, 29 U.S.C. § 794, as well as Pennsylvania state law, seeking declaratory and injunctive relief on the basis that certain terms of his criminal sentence imposed by a Pennsylvania state court, namely, certain conditions of his probation, violate his federal civil rights. (Doc. 12). Defendants, in turn, have filed a motion to dismiss. (Doc. 13). Judge Carlson's thorough R&R (Doc. 25) highlights immense deficiencies with Smith's Amended Complaint and recommends that this court grant Defendants' motion (Doc. 13) to dismiss Smith's Amended Complaint. Smith, proceeding *pro se*, has filed an objection to the R&R. (Doc. 26).

In reviewing an R&R issued by a magistrate judge, the court engages in *de novo* review of any of its contested portions and provides "reasoned consideration" to the remaining uncontested portions. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)). Plaintiff lodged five objections to the R&R. (Doc. 26). Accordingly, the court will consider each in turn.

Smith's first two objections take issue with the applicability of Younger abstention to his claims. See Younger v. Harris, 401 U.S. 37, 70 (1971). As these objections are closely related, the court will jointly address them.

Firstly, Smith argues that the R&R did not consider whether each of the elements of Younger are met nor whether any of Younger's exceptions are present. (Doc. 26 at ECF 2). Relatedly, Smith contends that the R&R "failed to determine whether the state proceedings provide an adequate forum for ADA and Rehabilitation Act claims [,]" and instead merely "assumed adequacy without analysis" on the question of "whether the state forum allows for injunctive or declaratory relief" for his ADA and Rehabilitation Act claims. (Doc. 26 at ECF 2). These objections reduce to the same proposition: Smith believes Younger abstention is improper in the instant case. The court disagrees.

Guided by the "principles of equity, comity, and federalism[,]" Borowski v. Kean University., 68 F.4th 844, 849 (3d Cir. 2023) (citing Younger, 401 U.S. at 70), our Supreme Court has made clear that a "'federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that

claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.'" Kendall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009) (citing Addiction Specialists, Inc. v. Twp. Of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). Because "Younger abstention operates an exception to the general rule that federal courts must decide cases within their limited jurisdiction," Borowski, 68 F.4th at 849 (citing Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 79 (2013)), it "can be properly exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Kendall, 572 F.3d at 131 (citing Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir. 2008)).

In the instant case, each of these three requirements are satisfied. First, at the time Smith's Amended Complaint was filed, there were ongoing state judicial proceedings related to his criminal sentence. See Ct. Docket, Commonwealth v. Smith, CP-67-CR0001758-2021.[1] Second, these state judicial proceedings implicate the important interest a state has in enforcing its own criminal laws. See Miles v. Zech, 788 F. App'x. 164, 167 (2019) (per curiam)). Lastly, Smith's Amended Complaint

[1] "Courts are permitted to take judicial notice of docket entries filed in separate litigation proceedings." Robinson v. Montgomery Cnty., No. 4:25-CV-2217, 2026 WL 1511155, at *1 n.1 (M.D. Pa. May 29, 2026) (quoting FCS Cap. LLC v. Thomas, 579 F. Supp. 3d 635, 647 (E.D. Pa. 2022)). Importantly, and of relevance here, taking judicial notice of the mere existence of these proceedings does not transform a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 427 n.7 (3d Cir. 1999).

is devoid of any well-pleaded facts that plausibly establish these state court proceedings are inadequate to consider his federal claims.

However, even where these three requirements are satisfied, a court's decision to abstain from exercising jurisdiction pursuant to Younger is improper where "the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances" are present. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)). Here, however, Smith's Amended Complaint lacks any well-pleaded facts which suggest, let alone establish, that his state court proceedings meet either exception.

Accordingly, pursuant to Younger, the court concurs with Judge Carlson, that it is improper to exercise jurisdiction over Smith's claims. An exercise of jurisdiction here would constitute "a violation of the national policy forbidding federal courts from staying or enjoining pending state court proceedings" when no special exceptions are present. Zahl v. Harper, 282 F.3d 204, 208 (3d Cir. 2002) (quoting Younger, 401 U.S. at 41).

Smith's third objection contends that the R&R "erroneously imposed an exhaustion requirement for ADA Title II and section 1983 claims[,]" thereby requiring him "to exhaust state remedies before pursuing" his ADA and section 1983 claims (Doc. 26 at ECF 2-3). This objection also fails.

At the outset, Smith's contention that his claims under § 1983 and Title II of the ADA do not have exhaustion requirements is a correct statement of the law. Fortunately, Judge Carlson's R&R did not say otherwise, so it is unclear what prompted Smith to present this conclusion. Perhaps the *pro se* Plaintiff is conflating an exhaustion requirement with our Supreme Court's holding in Heck v. Humphrey, 512, U.S. 477, (1994), which prohibits "§ 1983 actions 'where success in the § 1983 action would implicitly call into question the validity of conviction or duration of sentence.'" Herrera v. Agents of Pa. Bd. of Prob. and Parole, 132 F.4th 248, 255 (3d. Cir. 2025) (quoting Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)). In these situations, "'the plaintiff must first achieve favorable termination of his available state or federal habeas remedies' before he can seek damages that he contends arise from his 'underlying conviction or sentence.'" Id. (quoting Williams, 453 F.3d at 177).

While Smith seems to refers to this rule as an "exhaustion requirement," that is inaccurate. As our Court of Appeals aptly put it, "[f]avorable termination is not an exhaustion requirement, but rather 'a necessary element of the claim for relief under § 1983.'" Id. (quoting Garrett v. Murphy, 17 F.4th 419, 429 (3d Cir. 2021).

Here, there are no facts in Smith's Amended Complaint pointing to a favorable termination of his available state or federal habeas remedies. As such, in order for Smith to circumvent Heck, he "'must demonstrate that success on his § 1983 claims would *not conflict* with the prior judicial resolution of his criminal proceedings.'" Herrera, 132 F.4th at 255 (quoting Bronowicz v. Allegheny Cnty, 804 F.3d 338, 345 (3d Cir. 2015) (emphasis added)). In this regard, Smith has failed, as his postulation

that he "does not seek release from custody, modification of his criminal sentence, or reversal of any state court judgment," (Doc. 12 at ECF 2) directly collides with his operative requests: that this court declare that aspects of his underlying state criminal sentence are illegal under federal law and enjoin the enforcement of those aspects. (Id. at 6). Heck clearly bars these requests.

Smith's fourth objection is also meritless. He claims that the R&R incorrectly construed his Amended Complaint as seeking a "reversal of a conviction or sentence" when it instead attacks "collateral administrative conduct—including probationary enforcement practices and disability-related accommodations—occurring outside the core criminal judgment." (Doc. 26 at ECF 3). However, as explained above, Smith is asking this court to declare aspects of his underlying state criminal sentence to be unlawful and enjoin its enforcement, requests that this court cannot grant.

However, even assuming that the court were vested with the authority to entertain the foundational merits of his requests for relief, the end result remains the same; Smith's claims fail. As Judge Carlson correctly recognized, the various conditions of Smith's probation that he takes issue with, such as restrictions on housing and the requirement that he submit to polygraph testing (Doc. 12 at ECF 4), represent legitimate limitations upon liberty that have long been held to be lawful for someone in Smith's position. See Johnson v. Mondrosch, 586 F. App'x 871, 873-74 (3d Cir. 2014) (per curiam); United States v. Lee, 315 F.3d 206, 214 (3d Cir. 2003).

Smith's fifth and final objection suffers the same fate. Plaintiff contends that Judge Carlson's R&R "relied on Twombly and Iqbal to dismiss claims without first

resolving whether abstention or jurisdictional doctrines properly applied" and further argues that "[j]urisdictional and abstention doctrines must be addressed before merits-based pleading sufficiency." (Doc. 26 at ECF 3). The issue with this objection is readily apparent, as the R&R *did* consider whether jurisdictional abstention doctrines applied to his claims. (Doc. 25 at 11-12). Indeed, Smith contradictorily acknowledged this insofar as his first and second objections, discussed above, take issue with the R&R's jurisdictional analysis.

In sum, each of Smith's objections to the R&R fail. And, affording reasoned consideration to the uncontested portions of the R&R, the court finds Judge Carlson's analysis to be sound and agrees with his recommendation. Accordingly, Plaintiff's Amended Complaint will be dismissed without prejudice.[2]

A separate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

[2] To the extent that Smith's claims are barred by Heck v. Humphrey, 512 U.S. 477, he may, consistent with Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016), file an Amended Complaint only in the event that his state criminal judgment or sentence has been reversed, expunged, or otherwise invalidated.